## W. A. EARNEST v. W. T. WAGGONER.

Decided February 22, 1908.

**1.—Contract—Breach—Charge—Misstatement of Defense.**

When the trial court misstates the pleading of the defendant and refuses to give a special charge correcting the misstatement and warranted by the evidence, it is reversible error. So with regard to the main charge of the court when it is not applicable to the case made by the pleading of the plaintiff and the evidence,

**2.—Appeal—Absence of Brief—Practice.**

When an appellee fails to file a brief the Appellate Court will accept as correct appellant's presentation of the rulings, and will not examine the stenographer's report of the evidence to verify appellant's statements.

Appeal from the District Court of Knox County. Tried below before Hon. J. M. Morgan.

*Glasgow & Kenan* and *Coombes & Coombes,* for appellant.

No brief for appellee.

STEPHENS, ASSOCIATE JUSTICE.—This suit was brought by appellee to recover damages for breach of a contract to deliver five hundred tons of cotton seed on the cars at Seymour, Texas, and resulted in a verdict and judgment in his favor for five hundred dollars, from which this appeal is prosecuted.

The contract was made October 25, 1905, in a conversation over the telephone. Appellee's version of this conversation was thus stated in a letter to appellant written that day: "W. A. Earnest, Munday, Texas: Dear Sir—Relative to our phone conversation regarding the sale of cotton seed, we beg to confirm the purchase of 500 tons, F. O. B. Seymour, $11.00 per ton. Please load out as soon as you can, and oblige yours truly, Vernon Cotton Oil Co., S. T. Wilhelm, Mgr." Appellant made no reply to this communication and denied that he had ever agreed to deliver the cotton seed at any specified time, and stated that the contract was that he was not to deliver the cotton seed to appellee until after he had delivered five hundred tons of seed previously sold to the Sherman Cotton Oil Company, and further claimed that he had used every effort in his power to make this delivery to the Sherman Cotton Oil Company, but that owing to the continuous rains and extremely bad roads he had been unable, though he had made the most diligent efforts, to make this delivery until about February 1, 1906, which was after appellee had declared a breach of the contract and brought suit to recover damages.

In submitting the issues to the jury the court stated that appellant had pleaded the general denial, and specially pleaded that no contract had been made "for the sale and delivery of cotton seed at any time." Error is assigned to the charge for this misstatement of appellant's defense, and also to the court's refusal to give the following charge, which would have submitted the defense as pleaded, in support of which testimony was offered: "The jury are charged, if you should find and believe from the evidence that the defendant contracted to sell and deliver to plaintiff 500 tons of cotton seed on board the cars at Seymour, Texas, and that the delivery of same was to be made as soon as defendant had completed a delivery of 500 tons of cotton seed at Seymour, Texas, to the Sherman Cotton Oil Mill Company, and that the defendant used all the diligence in his power to deliver said seed to said Sherman Cotton Oil Mill Co., and that before defendant was able, through the exercise of such diligence, to deliver said 500 tons of cotton seed to said Sher-

man Cotton Oil Mill Co., that plaintiff in this cause had declared a breach of the contract and brought suit thereon, then you will find for the defendant." These assignments are well taken and require the judgment to be reversed.

The court also erred in the first and second subdivisions of the charge, as pointed out in the eighth and ninth assignments of error, in that the charges quoted in these assignments were not entirely applicable to the case made by the petition, and evidence offered by the appellee in support thereof.

The court also erred in the admission and exclusion of testimony as shown in the second, third, fourth and sixth assignments of error. Possibly a thorough examination of the stenographer's notes might show that these rulings on the admission of testimony were warranted or that they were harmless, but appellee has not favored us with a brief, and in view of this fact and of the conclusion already reached, that the judgment must be reversed for errors in the charge, we need not make such examination, but accept appellant's presentation of the rulings.

For the errors pointed out the judgment is reversed and the case remanded for a new trial.

*Reversed and remanded.*